IN THE UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION



IN RE: OSITA BENEDICT IGWE

    Plaintiff/Debtor

CASE NO: 5:10-BK71582

CHAPTER 7

Vs

UNIVERSITY OF CENTRAL ARKANSAS

    Defendant

## MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AND CREDITOR MISCONDUCT

Benedict Igwe, the Plaintiff, Pro Se, moves for sanctions against University of Central Arkansas and its attorneys, for a willful violation of automatic stay and respectfully alleges the following:

1. That on March 29, 2010, the Plaintiff, Benedict Igwe filed for a voluntary petition for relief pursuant to Chapter 7 under the Title 11 USC in the Western District of Arkansas, Fayetteville Division.

2. The aforementioned case is currently pending before this court

3. The Plaintiff completed all requirements for graduation from University of Central Arkansas on Dec.15, 2009; however, the defendant has refused the plaintiff's requests to release a transcript of the plaintiff's academic record, unless the plaintiff tenders full payment of the debt.

4. The gravamen of this motion is that despite the Plaintiff's filing of Chapter 7 bankruptcy, Defendant, University of Central Arkansas and it's legal counsel has proceeded with malicious actions to collect a debt by refusing to release the plaintiff's transcripts of academic record making it impossible for plaintiff to carry on with employment prospects.

5. The defendant, University of Central Arkansas, is an institution of higher education funded by the state of Arkansas, and this is a "governmental unit" within the meaning of section 525(a) of the Bankruptcy Code.

## FACTS

6. On or about August 2009, Plaintiff was notified that his scholarship with the University of Central Arkansas has been withdrawn after he had enrolled for the Final Semester in the Defendant's College.
7. Plaintiff consistently took actions damaging to student academics by withdrawing him from classes, refusing copies of academic transcript and informing instructors not to let him into the class.
8. Plaintiff was told to a sign promissory note for payment of about $6500 before being let back into class.
9. Plaintiff signed promissory note, in the hope that graduating from school will bring forth jobs with which he'll initiate payment plan signed with the university.
10. Plaintiff applied for jobs but the university refused to release academic transcripts, which was a requirement for employment.
11. The Defendant also took the Plaintiff's State Income Tax return.
12. Frustrated, Jobless, in debt and Homeless, Plaintiff filed for an Order of Relief on March 29, 2010 under the Chapter 7 of Title 11 USC.
13. Plaintiff requested copies of his academic transcript several times over this period but was denied.
14. The Defendant, University of Central Arkansas was then notified of Plaintiff's Chapter 7 Bankruptcy.
15. Defendant, University of Central Arkansas even after consultation with her legal counsel has refused to release Plaintiff's academic transcript until all outstanding payments have been made.

## COUNT I: AUTOMATIC STAY APPLIES TO THE DEFENDANT

16. Title 11 USC § 362 stays action to collect a debt. Specifically, § 362 (a)(6) protects the debtor from creditors that are acting in any capacity to collect, access, or recover a claim against him that arose before the commencement of bankruptcy proceedings.
    a. Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of- the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

5:10-bk-71582   Doc#: 44   Filed: 12/21/10   Entered: 12/21/10 10:38:55   Page 3 of 10

17. The Defendant, University of Central Arkansas, may not withhold an official transcript after the filing of a bankruptcy petition. This stems from three provisions of the bankruptcy code:

<u>Automatic Stay</u>. 11 USC 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" upon filing of a bankruptcy petition. The stay remains in effect until the case is closed, dismissed, or a discharge is granted or denied.

<u>Anti-Discrimination</u>. 11 USC 525 prohibits governmental units from discriminating against a debtor with a bankruptcy petition or who has had a debt discharged by bankruptcy. In particular, 11 USC 525(c) states

> A governmental unit that operates a student grant or loan program and a person engaged in a business that includes the making of loans guaranteed or insured under a student loan program may not deny a grant, loan, loan guarantee, or loan insurance to a person that is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, or another person with whom the debtor or bankrupt has been associated, because the debtor or bankrupt is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of a case under this title or during the pendency of the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

18. Within the context of these provisions of the bankruptcy code, courts have ruled that the withholding of academic transcripts (or other such official documents) is in principle an action to collect a pre-petition debt and hence is prohibited during the pendency of the case. It is no different than an action against the debtor to recover a debt that arose before the case was filed, and as such is prohibited, so long as the case is pending, by the automatic stay as outlined above.
19. Defendant is enjoined by the automatic stay from creditor attempts to collect a debt, including having his academic transcript withheld.
20. The filing of a petition of bankruptcy effectuates automatic of all proceeding against debtor effective the day the petition is filed and actions taken in violation of stay are void, even if there is no actual notice of the stay.

## **COUNT II: THE WITHOLDING OF PLAINTIFF'S ACADEMIC TRANSCRIPT VIOLATES AUTOMATIC STAY**

21. Once a creditor receives notice of Chapter 7 bankruptcy filing, creditor has an affirmative duty to undo its violations of automatic stay.
22. There can be no doubt that the Defendant had knowledge of Plaintiff's pending bankruptcy case as they acknowledged it in their letter to the Plaintiff. **(Exhibit A)**
23. Defendant is also listed as a creditor in the Plaintiff's bankruptcy petition under Schedule F. **(Exhibit B)**
24. Defendant blatantly violated the automatic stay when, with knowledge of the Plaintiff's Chapter 7 bankruptcy filing, informed Plaintiff that he will not release his academic transcript (Exhibit A)
25. There is a preponderance of case law finding that withholding academic transcripts is a violation of the automatic stay provision. The US Court of Appeals for the Seventh Circuit issued a ruling on April 16, 2009 in Stefanie Kim Kuehn v Cardinal Stritch University (07-3954), finding that the university had violated both the automatic stay and discharge provisions of the US Bankruptcy Code by refusing to provide Ms. Kuehn with a certified copy of her academic transcript. Specifically, the university violated the automatic stay provision by refusing to provide an academic transcript because of an unpaid pre-petition debt that was listed in the discharge petition during the pendency of the case.
26. Other examples include: Loyola University v. McClarty, 234 B.R. 386 (Bankr.E.D.La.1999); In re Scroggins, 209 B.R.727 (Bankr.D.Ari.1997); In re Carson, 150 B.R. 228 (Bankr.E.D.Mo.1993); In re Merchant, 958 F.2d 738 (6th Cir.1992); In re Gustafson, 111 B.R. 282 (Bankr. 9th Cir.1990), rev'd. on other grounds 934 F.2d 216 (9th Cir.1991); In Re Parham, 56 B.R. 531 (Bankr.E.D.Va.1986); In re Dembek, 64 B.R. 745 (Bankr.N.D.Ohio.1986); In re Reese, 38 B.R. 681 (Bankr.N.D.Ga.1984); In Re Ware, 9 B.R. 24 (Bankr.W.D.Mo.1981); In re Lanford, 10 B.R. 132 (Bankr.D.Minn.1981); In re Heath, 3 B.R. 351 (Bankr.N.D.Ill.1980); In re Howren, 10 B.R. 303 (Bankr.D.Kan.1980).
27. Plaintiff has made several good-faith attempts to have them release his transcript. **(Exhibit C)**
28. Defendant's action of continuing withholding his academic transcript and further demanding that he makes payment is in direct violation of the automatic stay.

## COUNT III: VIOLATION OF THE STAY WAS WILLFUL

29. The Defendant, University of Central Arkansas has acted with blatant disregard to court rules and procedures
30. Defendant was listed as a creditor on Plaintiff's bankruptcy petition filing and had been advised of his pending bankruptcy.
31. Based on Defendant's action of deliberately refusing to release his academic transcript, even after consulting with their attorneys, the Defendant has willfully violated the automatic stay in place for the Plaintiff.
32. A willful violation of the automatic stay occurs when the creditor knew that the stay had been invoked and deliberately intended the action that violated the stay.

## COUNT IV: PLAINTIFF WAS INJURED BY THE DEFENDANT'S CREDITOR MISCONDUCT

33. The Bankruptcy Code was drafted to provide a discharge procedure that enables insolvent debtors the ability to reorder their affairs and enjoy "a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." Grogan v. Garner, --- U.S. ----, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991)

34. The Debtor has suffered damages as a result of the willful violation of the stay, including, but not limited to:

    Inability to secure a permanent job, as he could not present his transcript of academic records. The Plaintiff has also not been able to proceed with his academic career due to inability to provide his academic transcript. Succinctly speaking, his employment and academic prospects has been hampered by Defendant, University of Central Arkansas obstinacy and flagrant disregard for the law.

35. Plaintiff filed for bankruptcy and believed he was relieved from the pressure and embarrassment of groveling.
36. However, Defendant has failed to abide by the automatic stay and has blatantly refused to release his academic transcript. This has left Plaintiff suffering from emotional distress
37. Plaintiff has been injured emotionally and psychologically by Defendant's action to collect the debt.

38. The transcript of the Plaintiff's academic record at University of Central Arkansas is a "license, permit, charter, franchise, or other similar grant" within the meaning of section 525(a)
39. The defendant's refusal to release the plaintiff's transcript has caused, and will continue to cause, irreparable harm to plaintiff's employment prospects.

## DAMAGES

WHEREFORE, the plaintiff respectfully requests that this court enter an injunction ordering the defendant to expediently release the plaintiff's official transcript of academic record so he can reduce further harm being caused to his employment prospect, and to cease any further action violating the automatic stay or discriminating against the plaintiff on account of his bankruptcy filing

Section 362(k)(1) provides that the court shall award an individual his costs and attorney fees, in addition to actual damages. WHEREFORE, the Debtor requests the following relief:

(1) Entry of an Order finding University of Central Arkansas and its legal counsel in contempt and in willful violation of the automatic stay;
(2) An award of actual damages pursuant to 11 U.S.C. §362(k)(1);
(3) An award of the Debtor's costs and attorneys' fees for bringing this Motion;
(4) An award of punitive damages against University of Central Arkansas and its legal counsel; and such other relief as the Court deems equitable and appropriate
(5) Additionally the debtor has lost precious time from his personal and professional life and prospects while attempting to secure the release of his academic transcript withheld by the Defendant.

Since actions taken in violation of the automatic stay are void, I urge this honorable court to find University of Central Arkansas in violation of the automatic stay and damages should be awarded to the Plaintiff.

**Dated this 17day of December 2010**

-------------------------------
**BENEDICT IGWE**
**(Plaintiff/Debtor)**

**P.O.BOX 81973**

**Pittsburgh, PA 15217**



Benedict Igwe <stben1@gmail.com>

# Address Transcript Request-

4 messages

**Benedict Igwe <stben1@gmail.com>**  Tue, Dec 14, 2010 at 10:37 AM
To: JRankin@uca.edu

Dear Mr. Rankin,    EXHIBIT "C"

I a
I am writing to request a copy of my transcript to be sent to the following address. There are flags on my account and i have been told to cntact you regarding the authorization.

Thanks a lot.

UT Southwestern Medical Center at Dallas, Admissions Office,

5323 Harry Hines Blvd,

Dallas, Texas 75390-9162, USA.


Graduate School of Biomedical Science

Baylor College of Medicine

One Baylor Plaza, MS Code BCM215

Houston, TX 77030



Graduate Admissions Coordinator

Department of Pharmacology

University of Washington

Box 357280 Seattle, WA 98195-7280

Steve Berard, Communications & Graduate Program Manager

UW Medicine Department of Pathology

Box 357470

Seattle, WA 98195-7470

Office of the Registrar - UCT2250

UT Health Science Center - Houston

PO Box 20036

Houston, TX 77225

---

**Jason Rankin <JRankin@uca.edu>**  EXHIBIT "A"   Thu, Dec 16, 2010 at 6:42 PM
To: Benedict Igwe <stben1@gmail.com>

Mr. Igwe,

I cannot grant your request. I have given several transcripts in the past and have tried to work with you on payment arrangements, but you have not followed through on your end. In fact, we just received word that you filed chapter 7 bankruptcy and named us as a debtor. According to our legal counsel that does not waive your debt. In any case, I feel I have been more than gracious with the repayment of this debt, but cannot continue to do so at this point.

Jason Rankin
Assistant Controller/Interim Director of Student Accounts
University of Central Arkansas
McCastlain Hall 144
201 Donaghey Avenue
Conway, AR  72035-0001
(501) 450-5015
(501) 450-5038 (fax)

>>> Benedict Igwe <stben1@gmail.com> 12/14/2010 9:37 AM >>>
[Quoted text hidden]

[Quoted text hidden]

---

**Benedict Igwe <stben1@gmail.com>**                                              Fri, Dec 17, 2010 at 3:03 PM
To: jcwalina@yahoo.com

Dear Mr. Rankin and Mr. Courtway,

My Ranking has informed me that the request to release my transcript cannot be granted even inspite of my Chapter 7 Bankruptcy proceeding.....
[Quoted text hidden]

---

**Benedict Igwe <stben1@gmail.com>**                                              Fri, Dec 17, 2010 at 3:05 PM
Draft To: jcwalina@yahoo.com

Hello,

I just spoke to you over the phone. My Bankruptcy number is BK 5:10-
[Quoted text hidden]

IN RE Igwe, Osita Benedict _____   Case No. **5:10-BK-71582**
                    Debtor(s)                                    (If known)

## AMENDED SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 707353127 <br> NCO Financial Services <br> P.O. Box 15636 <br> Wilmington, DE 19850 | | | 3/2008 - Collection A,T, & T Mobility | | | | 1,303.00 |
| ACCOUNT NO. 709181473 <br> NCO Financial Services <br> P.O. Box 15636 <br> Wilmington, DE 19850 | | | 5/2008 - Collection Account - 11 Internet, Inc. | | | | 30.00 |
| ACCOUNT NO. 25308784 <br> Southwest Credit Systems <br> 5910 W. Plano Parkway Suite 100 <br> Plano, TX 75093 | | | 12/2007 - Collection Account - Lindsey Mgmt Fox Run - lease charges | | | | 413.00 |
| ACCOUNT NO. 403784000992 <br> US Bank <br> P.O.Box 108 <br> St. Louis, MO 63166 | | | 9/2005 - Credit Card | | | | 4,348.00 |
| ACCOUNT NO. <br> University of Central Arkansas <br> 201 Donaghey Avenue Conway, AR 72035 | | | 9/2009- Unpaid Tuition and Fees | | | | 6,185.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) $ **12,279.**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ **33,896.00**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only